*Transfer from the NDMR Illinois → 6/12/15*

*15-CV-3334*

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **20 Depot St., Suite 2A, Peterborough NH   03458-1453**

Address of Defendant: **One Comcast Center, 1701 JFK Blvd., Phila, PA  19103**

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

  (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
    Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
    Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
    Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☒ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:

  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____

    Attorney-at-Law    Attorney I.D.#

**NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.**

**JUN 12 2015**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **6/12/15**    *Steve Tomas*    *Deputy Clerk*

    Attorney-at-Law

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Qurio Holdings, Inc.                          CIVIL ACTION

v.

Comcast Corporation, et al.           NO. **15    3334**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                      (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( )

| 6/12/15 | Steve Tomas | Deputy Clerk |
|---|---|---|
| **Date** | ~~Attorney at law~~ | **Attorney for** |

| | | |
|---|---|---|
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 12 2015

AO279,KIM,TERMED

**JS**

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6,1 (Chicago)
### CIVIL DOCKET FOR CASE #: 1:14-cv-07488

Qurio Holdings, Inc. v. Comcast Corporation et al
Assigned to: Honorable Matthew F. Kennelly
Cause: 35:271 Patent Infringement

Date Filed: 09/26/2014
Date Terminated: 02/09/2015
Jury Demand: Both
Nature of Suit: 830 Patent
Jurisdiction: Federal Question

## Plaintiff

**Qurio Holdings, Inc.**

represented by **James P. Murphy**
McAndrews, Held & Malloy, P.C.
Northwestern Atrium Center
500 West Madison Street
Suite 3400
Chicago, IL 60661
(312) 775-8000
Fax: 312-775-8100
Email: jmurphy@mcandrews-ip.com
*ATTORNEY TO BE NOTICED*

**Sharon Ann Hwang**
McAndrews, Held & Malloy, P.C.
Northwestern Atrium Center
500 West Madison Street
Suite 3400
Chicago, IL 60661
(312) 775-8113
Email: shwang@mcandrews-ip.com
*ATTORNEY TO BE NOTICED*

**Kirk A Vander Leest**
McAndrews, Held & Malloy, P.C.
Northwestern Atrium Center
500 West Madison Street
Suite 3400
Chicago, IL 60661
(312) 775-8000
Fax: 312-775-8100
Email: kvanderleest@mcandrews-ip.com
*ATTORNEY TO BE NOTICED*

V.

## Defendant

**Comcast Corporation**
*TERMINATED: 12/19/2014*

represented by **Carrie J. Richey**
Cooley Llp
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000
Fax: (650)849-7400
Email: crichey@cooley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher C. Campbell**
Cooley Llc
11951 Freedom Drive
Reston, VA 20190
(703) 456-8000
Email: ccampbell@cooley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas J. Friel , Jr.**
Cooley LLP
101 California Street
5th Floor
San Francisco, CA 94111
(415) 693-2000
Fax: (415) 693-2222
Email: tfriel@cooley.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Thomas Norberg**
Norberg Law
320 W. Ohio St.
Third Floor
Chicago, IL 60654
(415) 359-5656
Email: jnorberg@norberglaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Comcast Cable Communications
LLC**

represented by **Carrie J. Richey**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher C. Campbell**

(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas J. Friel , Jr.**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Colby Anne Kingsbury**
Faegre Baker Daniels LLP
311 S. Wacker Dr.
#4400
Chicago, IL 60606
(312)212-6573
Fax: (312) 212-6501
Email:
Colby.Kingsbury@FaegreBD.com
*TERMINATED: 11/12/2014*

**Jeffrey Thomas Norberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/26/2014 | 1 | COMPLAINT *for Patent Infringement* filed by Qurio Holdings, Inc.; Jury Demand. Filing fee $ 400, receipt number 0752-9901852. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M)(Vander Leest, Kirk) (Entered: 09/26/2014) |
| 09/26/2014 | 2 | CIVIL Cover Sheet (Vander Leest, Kirk) (Entered: 09/26/2014) |
| 09/26/2014 | 3 | ATTORNEY Appearance for Plaintiff Qurio Holdings, Inc. by Kirk A. Vander Leest (Vander Leest, Kirk) (Entered: 09/26/2014) |
| 09/26/2014 | 4 | ATTORNEY Appearance for Plaintiff Qurio Holdings, Inc. by James P. Murphy (Murphy, James) (Entered: 09/26/2014) |
| 09/26/2014 | | CASE ASSIGNED to the Honorable Matthew F. Kennelly. Designated as Magistrate Judge the Honorable Young B. Kim. (nsf, ) (Entered: 09/26/2014) |
| 09/26/2014 | 5 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Qurio Holdings, Inc. (Murphy, James) (Entered: 09/26/2014) |
| 09/26/2014 | 6 | Local Rule 3.4 Notice of Claim Involving a U.S. Patent by Qurio Holdings, Inc. (Murphy, James) (Entered: 09/26/2014) |

| 09/29/2014 | | SUMMONS Issued as to Defendants Comcast Cable Communications LLC, Comcast Corporation (pg, ) (Entered: 09/29/2014) |
|---|---|---|
| 09/29/2014 | 7 | MAILED Patent report to Patent Trademark Office, Alexandria VA (tg, ) (Entered: 09/29/2014) |
| 10/16/2014 | 8 | SUMMONS Returned Executed by Qurio Holdings, Inc. as to Comcast Corporation on 10/1/2014, answer due 10/22/2014. (Vander Leest, Kirk) (Entered: 10/16/2014) |
| 10/16/2014 | 9 | SUMMONS Returned Executed by Qurio Holdings, Inc. as to Comcast Cable Communications LLC on 10/1/2014, answer due 10/22/2014. (Vander Leest, Kirk) (Entered: 10/16/2014) |
| 10/17/2014 | 10 | MOTION by Defendant Comcast Cable Communications LLC for extension of time to file answer *or otherwise plead to complaint* (Kingsbury, Colby) (Entered: 10/17/2014) |
| 10/17/2014 | 11 | NOTICE of Motion by Colby Anne Kingsbury for presentment of motion for extension of time to file answer 10 before Honorable Matthew F. Kennelly on 10/22/2014 at 09:30 AM. (Kingsbury, Colby) (Entered: 10/17/2014) |
| 10/17/2014 | 12 | Appearance by Comcast Corporation (Kingsbury, Colby) (Entered: 10/17/2014) |
| 10/17/2014 | 13 | MINUTE entry before the Honorable Matthew F. Kennelly: Initial status hearing is set to 9:00 a.m. on 11/14/2014 before Judge Kennelly, in Chambers, Room 2188. Parties are to review and comply with Judge Kennelly's standing initial order, which may be found on his web page, located at http://www.ilnd.uscourts.gov/home/Judges.aspx. A completed copy of Appendix A to the Local Patent Rules, including a listing of actual dates corresponding to the due dates contained in the Local Patent Rules, is to be filed by 11/12/2014. (mk) (Entered: 10/17/2014) |
| 10/21/2014 | 14 | MINUTE entry before the Honorable Matthew F. Kennelly: Agreed motion for extension of time 11 is granted; response to complaint is to be filed by 11/20/2014. The initial status hearing will proceed on the date previously scheduled. (mk) (Entered: 10/21/2014) |
| 11/06/2014 | 15 | ATTORNEY Appearance for Plaintiff Qurio Holdings, Inc. by Sharon Ann Hwang (Hwang, Sharon) (Entered: 11/06/2014) |
| 11/07/2014 | 16 | NOTICE of Motion by Jeffrey Thomas Norberg for presentment of before Honorable Matthew F. Kennelly on 11/13/2014 at 09:30 AM. (Norberg, Jeffrey) (Entered: 11/07/2014) |
| 11/07/2014 | 17 | MOTION by Defendants Comcast Cable Communications LLC, Comcast Corporation to substitute attorney (Norberg, Jeffrey) (Entered: 11/07/2014) |
| 11/07/2014 | 18 | ATTORNEY Appearance for Defendants Comcast Cable Communications LLC, Comcast Corporation by Jeffrey Thomas Norberg (Norberg, Jeffrey) (Entered: 11/07/2014) |
| 11/07/2014 | 19 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10041638. (Friel, Thomas) (Entered: 11/07/2014) |

| 11/07/2014 | 20 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10041665. (Campbell, Christopher) (Entered: 11/07/2014) |
|---|---|---|
| 11/07/2014 | 21 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 50, receipt number 0752-10041686. (Richey, Carrie) (Entered: 11/07/2014) |
| 11/12/2014 | 22 | MINUTE entry before the Honorable Matthew F. Kennelly: Defendant's motion to substitute attorneys is granted 17 . The motions of Thomas Friel, Christopher Campbell and Carrie Richie to appear pro hac vice are all granted 19 , 20 & 21 . These attorneys are directed to promptly contact the clerk of court to establish e-filing accounts in this district. The motion hearing date of 11/13/2014 is vacated. Mailed notice. (pjg, ) (Entered: 11/12/2014) |
| 11/12/2014 | 23 | REPORT of Rule 26(f) Planning Meeting (Hwang, Sharon) (Entered: 11/12/2014) |
| 11/13/2014 | 24 | *First* AMENDED complaint by Qurio Holdings, Inc. against Comcast Cable Communications LLC, Comcast Corporation (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R)(Murphy, James) (Entered: 11/13/2014) |
| 11/14/2014 | 25 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone status hearing held on 11/14/2014 with attorneys for both sides. Defendants may be filing a motion to transfer and/or a motion to dismiss. Telephone status hearing, to be initiated by the parties, is set for 12/10/2014 at 9:00 a.m. Mailed notice. (pjg, ) (Entered: 11/14/2014) |
| 12/04/2014 | 26 | ANSWER to amended complaint by Comcast Cable Communications LLC (Campbell, Christopher) (Entered: 12/04/2014) |
| 12/04/2014 | 27 | MOTION by Defendant Comcast Corporation to dismiss for lack of jurisdiction *and improper venue* (Attachments: # 1 Declaration of Matthew Fradin, # 2 Declaration of Carrie Richey, # 3 Exhibit A, # 4 Exhibit B)(Campbell, Christopher) (Entered: 12/04/2014) |
| 12/04/2014 | 28 | NOTICE of Motion by Christopher C. Campbell for presentment of motion to dismiss/lack of jurisdiction 27 before Honorable Matthew F. Kennelly on 12/10/2014 at 09:30 AM. (Campbell, Christopher) (Entered: 12/04/2014) |
| 12/04/2014 | 29 | MOTION by Defendants Comcast Cable Communications LLC, Comcast Corporation to transfer case *under 1404(a)* (Attachments: # 1 Declaration of David Marcus, # 2 Declaration of Matthew Fradin, # 3 Declaration of Piers Lingle, # 4 Declaration of Sean Brown, # 5 Declaration of Patrick Lonergan, # 6 Declaration of Carrie Richey, # 7 Exhibit 1, # 8 Exhibit 2, # 9 Exhibit 3, # 10 Exhibit 4, # 11 Exhibit 5, # 12 Exhibit 6)(Campbell, Christopher) (Entered: 12/04/2014) |
| 12/04/2014 | 30 | NOTICE of Motion by Christopher C. Campbell for presentment of motion to transfer case, 29 before Honorable Matthew F. Kennelly on 12/10/2014 at 09:30 AM. (Campbell, Christopher) (Entered: 12/04/2014) |
| 12/09/2014 | 31 | MINUTE entry before the Honorable Matthew F. Kennelly: The motions |

| | | |
|---|---|---|
| | | noticed by defendant for presentment at 9:30 AM on 12/10/2014 will be addressed at the 9:00 AM, not at 9:30 AM. (mk) (Entered: 12/09/2014) |
| 12/10/2014 | 32 | MINUTE entry before the Honorable Matthew F. Kennelly: Telephone status hearing held on 12/10/2014 with attorneys for both sides. Responses to motions to dismiss or transfer are to be filed by 12/22/2014; replies are is due by 1/5/2015. Ruling on motions to dismiss or transfer and status hearing set for 1/21/2015 at 9:30 a.m. Mailed notice. (pjg, ) (Entered: 12/10/2014) |
| 12/19/2014 | 33 | NOTICE of Voluntary Dismissal by Qurio Holdings, Inc. *without Prejudice of Comcast Corporation Under Rule 41(a)(1)(A)(i)* (Murphy, James) (Entered: 12/19/2014) |
| 12/22/2014 | 34 | RESPONSE by Qurio Holdings, Inc.in Opposition to MOTION by Defendants Comcast Cable Communications LLC, Comcast Corporation to transfer case *under 1404(a)* 29 (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Murphy, James) (Entered: 12/22/2014) |
| 01/05/2015 | 35 | REPLY by Comcast Cable Communications LLC to MOTION by Defendants Comcast Cable Communications LLC, Comcast Corporation to transfer case *under 1404(a)* 29 (Attachments: # 1 Declaration of Himesh Bhise, # 2 Declaration Carrie J. Richey, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G, # 10 Exhibit H, # 11 Exhibit I, # 12 Exhibit J, # 13 Exhibit K, # 14 Exhibit L, # 15 Exhibit M, # 16 Exhibit N, # 17 Exhibit O, # 18 Exhibit P)(Campbell, Christopher) (Entered: 01/05/2015) |
| 01/12/2015 | 36 | MOTION by Plaintiff Qurio Holdings, Inc. to consolidate cases *for Certain Pre-Trial Proceedings* (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Murphy, James) (Entered: 01/12/2015) |
| 01/12/2015 | 37 | NOTICE of Motion by James P. Murphy for presentment of motion to consolidate cases 36 before Honorable Matthew F. Kennelly on 1/21/2015 at 09:30 AM. (Murphy, James) (Entered: 01/12/2015) |
| 01/18/2015 | 38 | MINUTE entry before the Honorable Matthew F. Kennelly: At the Court's instance, all matters currently set for 1/21/2015 are reset to 2/6/2015 at 10:00 AM. (mk) (Entered: 01/18/2015) |
| 02/04/2015 | 39 | MINUTE entry before the Honorable Matthew F. Kennelly: The Court anticipates issuing a ruling on the pending motion to transfer by no later than 2/9/2015 but does not believe it will be able to issue the ruling on or before the currently scheduled 9:30 AM hearing date on 2/6/2015. The Court therefore vacates the 2/6/2015 hearing date and sets a further status hearing for 2/10/2015 at 9:00 AM. (mk) (Entered: 02/04/2015) |
| 02/06/2015 | 40 | RESPONSE by Comcast Cable Communications LLCin Opposition to MOTION by Plaintiff Qurio Holdings, Inc. to consolidate cases *for Certain Pre-Trial Proceedings* 36 (Attachments: # 1 Declaration of Carrie J. Richey, # 2 Exhibit A, # 3 Exhibit B)(Campbell, Christopher) (Entered: 02/06/2015) |
| 02/09/2015 | 41 | MEMORANDUM Opinion and Order written by the Honorable Matthew F. |

|  |  | Kennelly on 2/9/2015: The Court grants defendant's motion to transfer [docket no. 29 ]. Former defendant Comcast Corp.'s motion to dismiss is terminated as moot [docket no. 27 ], as is plaintiff's motion to consolidate cases [docket no. 36 ]. The Clerk is directed to transfer this case to the Eastern District of Pennsylvania. The status hearing set for 2/10/2015 is vacated. Civil case terminated. Mailed notice.(pjg, ) (Entered: 02/09/2015) |
|---|---|---|
| 06/12/2015 | 42 | TRANSFERRED to the Eastern District of Pennsylvania the original file with documents numbered 1-41, certified copy of transfer order, and docket sheet via certified mail number (mmy, ) (Entered: 06/12/2015) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 06/15/2015 08:53:21 | | |
| **PACER Login:** | ue0496:4286791:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-cv-07488 |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

QURIO HOLDINGS, INC.,                    )
                                         )
                    Plaintiff,           )
                                         )
        vs.                              )          Case No. 14 C 7488
                                         )
COMCAST CABLE                            )
COMMUNICATIONS, LLC,                     )
                                         )
                    Defendant.           )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Qurio Holdings, Inc., which is headquartered in New Hampshire, has sued

Comcast Cable Communications, LLC, which is headquartered in Philadelphia,

Pennsylvania, for infringement of three U.S. patents.  The patents involve technology for

distributing television programs to personal communication devices.  Qurio originally

also sued Comcast Corporation, but it dismissed its claims against that entity without

prejudice.  The Court will refer to the remaining defendant as Comcast.

Comcast has moved to transfer the case to the Eastern District of Pennsylvania

pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties

and witnesses, in the interest of justice, a district court may transfer any civil action to

any other district . . . where it might have been brought[.]"  28 U.S.C. § 1404(a).  To

obtain a transfer, the moving party must demonstrate that the proposed transferee

forum is "clearly more convenient."  *Heller Fin., Inc. v. MidWhey Powder Co.*, 883 F.2d

1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th

Cir. 1986). "'Unless the balance is strongly in favor of the defendant, the plaintiff's
choice of forum should rarely be disturbed.'" In re Nat'l Presto Indus., Inc., 347 F.3d
662, 664 (7th Cir. 2003) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).
"Where the balance of convenience is a close call, merely shifting inconvenience from
one party to another is not a sufficient basis for transfer." Research Automation, Inc. v.
Schrader–Bridgeport Int'l, Inc., 626 F.3d 973, 978 (7th Cir. 2010).

## 1. Convenience of the parties and witnesses

In evaluating the convenience of the parties and witnesses, a court considers (1)
the plaintiff's choice of forum, (2) the situs of material events, (3) the relative ease of
access to proof, (4) the parties' convenience, and (5) the witnesses' convenience in
litigating in the respective forums. Amoco Oil Co. v. Mobil Oil Corp., 90 F. Supp. 2d
958, 960 (N.D. Ill. 2000); see also Research Automation, 626 F.3d at 978.

### a. Plaintiff's choice of forum

Courts ordinarily give substantial weight to the plaintiff's choice of a forum,
particularly when it is the plaintiff's home forum. See In re Nat'l Presto Indus., 347 F.3d
at 664 (plaintiff's choice "should rarely be disturbed"); cf. Piper Aircraft Co. v. Reyno,
454 U.S. 235, 255–56 (1981) (common law forum non conveniens doctrine). The
plaintiff's choice of a forum, however, "has minimal value where none of the conduct
complained of occurred in the forum selected by the plaintiff," Chicago, Rock Island &
Pacific R.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955) (internal quotation marks
omitted), at least in a case like Chicago, Rock Island, in which the plaintiff sued outside
her home forum.

Comcast suggests that a plaintiff's choice of a forum is entitled to no weight if it is

2

not the plaintiff's home or does not otherwise have a significant connection with the subject matter of the litigation. *See* Defs.' Mot. to Transfer at 12 ("Plaintiff's Choice of Forum Is Not Entitled to Deference"; "Plaintiff's choice of forum is simply one factor among many that should be considered") (internal quotation marks omitted). But that is not what the Seventh Circuit has said, and the Court does not understand the law this way. *Piper Aircraft*, a common law *forum non conveniens* case often cited as authority on section 1404(a) motions, does not say that the plaintiff's choice is entitled to no deference if it is not the plaintiff's home. Rather, it says (speaking of a non-U.S. plaintiff) that "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.* at 255-56. Less deference does not mean no deference.

### b. Situs of material events

The events underlying the litigation have no relationship with this district. Infringement is claimed to have occurred here, but given the products at issue, this does not differentiate this district from any other federal district. *See In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010) ("[T]he sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue."). There is no basis to say that the degree of infringement in this district is more significant than in other districts generally, or in the proposed transferee district in particular.

Qurio's attorneys in this lawsuit are located here, but it does not argue that this is a relevant factor. Though the Court can imagine a case where it might be, this is not

3

such a case; reliance on this factor would permit a plaintiff in a patent infringement suit to pick its venue by its choice of attorneys.

No events of significance took place in this district. The patented products and methods appear to have been developed in North Carolina, and the patents were likewise prosecuted by attorneys located there. *See* Compl., Exs. A, B & C. And the materials provided by Comcast in support of its motion sufficiently reflect that the accused products were developed in the proposed transferee district, namely the Eastern District of Pennsylvania. This is a relevant factor in the analysis. *See Acer Am. Corp.*, 626 F.3d at 1256.

Because this is not Qurio's home district and no material events took place here, its choice of this district is not entitled to significant weight in balancing the factors under section 1404(a).

### c. The parties' convenience

The only contact of significance between the lawsuit and this district is the fact that Qurio has separately sued two other defendants here for infringement of the same patents, and the claims in each of these lawsuits overlap. Qurio says the ability to sue all three defendants in the same place is why it filed the lawsuit here and that this is a significant factor when considering convenience of the parties. Qurio argues that it is more convenient for all of its lawsuits concerning the patents in suit to proceed in tandem for pretrial purposes (including claim construction), to avoid extra expense, duplication of effort, and conflicting rulings. Qurio says that it is not well-heeled and that litigating the same issues in different districts would pose a hardship.

This is a relevant factor in the analysis, which the Court will take into account.

4

The Court notes, however, that procedures exist by which lawsuits pending in different districts, including patent infringement suits, may be transferred to a single district and judge for pretrial purposes. *See* 28 U.S.C. § 1407 (multidistrict litigation). The Court will discuss this point further when addressing the interests of justice.

It is typically more convenient for a party to litigate in its home district, and thus this factor is usually a tie when a court considers a section 1404(a) motion. In this case, however, Qurio filed the case outside its home district. Qurio says that it might have had difficulty obtaining personal jurisdiction over Comcast in New Hampshire or in North Carolina, but it has not supported this contention (such as by showing that Comcast does not distribute the accused products into those states).

### d. Access to sources of proof

Because the convenience of witnesses is assessed separately, the factor of "access to sources of proof" typically involves relevant records. In this case, there are no relevant records in the Northern District of Illinois, at least not that anyone has identified. Records relating to the work of the inventors and prosecution of the patent likely are located in North Carolina. Records relating to the development and sale of the accused devices are located in the Eastern District of Pennsylvania. And there are records regarding prior art—which might be relevant regarding validity of the patents— that are, or at least may be, located in the Northern District of California.

The Federal Circuit has, at least in some cases, cited the location and transportation of records as a significant consideration in assessing convenience. *See, e.g., In re Genentech, Inc.*, 566 F.3d at 1345-46 (discussing the "burden on the petitioners to transport documents"). Respectfully, it is difficult to take this seriously.

5

Although section 1404(a) was adopted in the 1940s, it does not require a court to
pretend that lawsuits are litigated and tried as they were in that era. Business records
nowadays are nearly all maintained digitally. More to the point, as any experienced
litigator or trial judge can attest, when records are produced in litigation nowadays, they
are all (or virtually all) *produced* digitally. The old saw about "backing up the truck"
when a party seeks broad production of records now has meaning only to litigators of a
certain age. There is no truck and, for the most part, there are not even boxes. Rather,
documents are produced on digital media. Records that are in California are barely less
accessible to a litigant in Illinois than they would be if they were in Illinois. And to
directly address the point made in *Genentech*, the days when records had to be
physically shipped in for trial or even document production during discovery are long
gone. The Seventh Circuit, whose cases concerning section 1404(a) govern here, has
acknowledged this. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite
Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) (discussing section 1404(a); "Easy
air transportation, the rapid transmission of documents, and the abundance of law firms
with nationwide practices, make it easy these days for cases to be litigated with little
extra burden in any of the major metropolitan areas.").

A court need not and should not put on blinders when it considers this factor. As
the Court has indicated, the fact that section 1404(a) has been around for decades does
not mean that "access" should be assessed the same way in 2015 as it was in 1948 or
even, for that matter, in 2000. The Court acknowledges that some Federal Circuit
decisions seem to point the other way, but they reflect a misunderstanding of how
litigants and lawyers access relevant records these days. And contrary to the court's

6

indication in *Genentech*, this in no way reads this factor out of the section 1404(a) analysis or renders it "superfluous." Rather, the Court is addressing the weight appropriately given this factor in the "individualized, case-by-case consideration of convenience and fairness" mandated by the Seventh Circuit, *Coffey*, 796 F.2d at 219, and the Supreme Court. *See Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964).

### e.     Convenience of witnesses

As the Court has indicated, neither side identifies any witnesses who are located in this district. The inventors and the attorney who prosecuted the patent may be witnesses, but they are located in North Carolina. Comcast identifies a number of witnesses who are located in the Eastern District of Pennsylvania. Most of these are Comcast employees. Comcast says this does not matter and that the Federal Circuit considers this sort of inconvenience on a par with that involving non-party witnesses. *See* Def.'s Mot. to Transfer at 7. The Federal Circuit cases that Comcast cites, however, all apply Fifth Circuit law (because the Federal Circuit applies regional circuit law on procedural matters like this one), and that circuit seems to have evaluated the two types of witnesses the same way. *See Genentech*, 566 F.3d at 1434 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 317 (5th Cir. 2008)); *Acer Am. Corp.*, 626 F.3d at 1255; *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009). There is no Seventh Circuit authority on this point, but the overwhelmingly predominant view among district courts in the circuit is that because party witnesses are likely to appear voluntarily, the convenience factor is less significant with regard to party witnesses than non-party witnesses. *See, e.g., Placon Corp. v. Sabert Corp.*, No. 14-cv-587, 2015 WL 327606, at *3 (W.D. Wis. Jan. 23, 2015); *Perry v. CNN Interactive Grp., Inc.*, No. 14 C

7

1194, 2014 WL 4214873, at *3 (N.D. Ill. Aug. 25, 2014); *Villafuerte v. Decker Truck Line, Inc.*, No. 2:14-CV-177, 2014 WL 3721962, at *3 (N.D. Ind. July 25, 2014); *Caterpillar, Inc. v. ESCO Corp.*, 909 F. Supp. 2d 1026, 1031 (C.D. Ill. 2012); *Tech. Licensing Corp. v. Harris Corp.*, No. 09 C 820, 2012 WL 1298611, at *3 (N.D. Ill. Apr. 16, 2010); *Lewis v. Grote Indus, Inc.*, 841 F. Supp. 2d 104, (N.D. Ill. 2012); *Elanco Animal Health, a Div. of Eli Lilly & Co. v. Archer Daniels Midland Animal Health & Nutrition Div.*, No. 1:08-cv-00386, 2008 WL 4099882, at *4 (S.D. Ind. Sept. 4, 2008). The reason, as Judge McDade put it in *Caterpillar*, is that "their participation in the suit will be obtained as part of their employment, rather than by their own willingness or the Court's subpoena power, and their compensation and expenses will be paid by their employers." *Caterpillar*, 909 F. Supp. 2d at 1031.

Again, however, giving a factor less weight is not the same as giving it no weight. The Court agrees that Comcast has adequately identified seven of its employees who are likely witnesses because they have direct and material knowledge regarding the development, design, distribution, and sales of the accused products, and all of whom live in the Eastern District of Pennsylvania. *See* Def.'s Mot. to Transfer at 8. This is a point worthy of consideration, even if it is not given controlling weight. And in addition, Comcast has identified one former employee—over whose appearance it will have no control—who was the product manager for development of its accused products. *See id.* at 9. This person, it would appear, is likely to be a key witness. His appearance at trial cannot be assured if the case proceeds in this district.

## 2. Interests of justice

Consideration of the "interests of justice" under § 1404(a) "may be determinative

8

in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220. The Seventh Circuit has stated that factors typically considered "relate to the efficient administration of the court system." *Id.* at 221. One such factor involves "where the litigants are more likely to receive a speedy trial." *Id.* In addition, the Seventh Circuit has stated that "related litigation should be transferred to a forum where consolidation is feasible." *Id.; see also Heller Fin.*, 883 F.2d at 1293 ("trying related litigation together" is a relevant interests-of-justice factor). Another factor is the respective courts' familiarity with the applicable law. *See id.* This, however, is typically a consideration only in diversity cases. It would be difficult to say, perhaps with some small number of exceptions, that any given federal judge is more familiar with patent law than any other. Other factors that may be considered include "the respective desirability of resolving controversies in each locale and the relationship of each community to the controversy." *Research Automation*, 626 F.3d at 978 (internal citation omitted).

Comcast cites statistics indicating that cases get to trial considerably quicker in the Eastern District of Pennsylvania than in this district. *See* http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseload Statistics/2014/tables/C05Mar14.pdf (last viewed Feb. 8, 2015). That is true (16.7 months vs. 31.2 months), but only a minuscule percentage of go to trial, and the time to disposition for cases that do not go to trial is approximately the same in both districts. And as the Federal Circuit has noted, "case-disposition statistics may not always tell the whole story." *Genentech*, 566 F.3d at 1347. More to the point, the statistics in question cover the whole gamut of civil cases and say nothing about the time it takes

9

patent infringement cases to get to trial. In short, the statistics that Comcast cites

provide little assistance in determining whether the case would be resolved more

quickly in one district or the other. In this case, this is not a significant factor in the

analysis.

As far as the relationship of the two communities to the dispute, the Court has

already addressed this in discussing the situs of the material events. In a nutshell, this

district has no relationship to Qurio's dispute with Comcast, whereas the Eastern District

of Pennsylvania has a significant relationship with it.

The last factor the Court will discuss is the matter of related litigation and the

possibility of consolidation. The Seventh Circuit, as noted earlier, has specifically

identified this as a relevant consideration under section 1404(a). *Coffey*, 796 F.2d at

220; *see also Heller Fin.*, 883 F.2d at 1293. This is the key factor upon which Qurio

relies; indeed it is the reason Qurio cites for filing the present lawsuit here. If the case is

transferred, Qurio argues, the courts will not be able to resolve related litigation

together. This disserves the interests of justice, because it makes it more likely that

there will be judicial duplication of effort involving, among other things, construction of

patent claims involved in all or more than one of the cases.

This is a valid consideration, but in the Court's view it is not appropriately given

controlling weight in this case, given the lack of any other material connection between

this district and the parties, the witnesses, or the underlying dispute. The Federal

Circuit has indicated that in this scenario, the pendency of other related litigation in the

district where the plaintiff filed is not a basis to defeat transfer of a particular lawsuit. In

*In re Apple, Inc.*, 581 F. App'x 886 (Fed. Cir. 2014), the court granted (on a 2-1 vote) a

10

petition for mandamus directing a district court to grant a defendant's motion to transfer venue. The plaintiff had no significant business presence in its chosen venue, and the defendant was located in the proposed transferee venue. In addition, there were numerous witnesses—including some non-party witnesses—in the transferee venue, and none in the plaintiff's chosen forum. *See id.* at 887. The trial court nonetheless declined to transfer the case, relying in large part on the fact that there were other pending cases in its district involving the same patents in suit and that it was likely the cases could be consolidated, thus achieving "significant judicial economy." *Id.* at 887-88. The Federal Circuit concluded that the trial court had clearly abused its discretion, making mandamus appropriate. With regard to the related-cases issue, the court said that "judicial economy is just one relevant consideration," and that although "transfer may mean that some of the other related cases remain in the [plaintiff's chosen forum], multidistrict litigation procedures exist to mitigate inefficiencies in this type of situation." *Id.* at 889. Though this "do[es] not render the practical problems factor neutral," the court said, "it do[es] mitigate some judicial economy concerns such that the district court should not have weighed this factor so heavily against transfer." *Id.* at 889-90.

There is arguably some tension between *In re Apple* and the Federal Circuit's earlier decision in *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), in which it declined to grant a writ of mandamus ordering the trial court to transfer a case. The trial court had relied in part on the existence of "co-pending litigation before the trial court involving the same patent and underlying technology." *Id.* at 1346. The Federal Circuit concluded that this, along with other factors, "provide[d] a substantial justification for maintaining suit" in the plaintiff's chosen forum and declining transfer. *Id.* at 1346. In

11

*Vistaprint*, however, "no defendant party [was] actually located in the [proposed]

transferee venue and the presence of the witnesses in that location [was] not

overwhelming." *Id.* at 1346-47. The present case is different. Comcast is located in the

proposed transferee district, and a number of witnesses whose testimony regarding the

accused products is likely—at least one of whom is a non-party who is not under the

control of Comcast—are located there as well. Thus this case differs significantly from

*Vistaprint*.

## Conclusion

Qurio chose this forum hoping to litigate three interrelated cases in a single

district. This was an appropriate objective, but it does not carry the day. Qurio's choice

of this district is entitled to little weight because it is not Qurio's home district, and its

dispute with Comcast has no significant relationship to this district. No material events

took place here, and no witnesses are located here. On balance, the Eastern District of

Pennsylvania, where Comcast seeks to transfer the case, is clearly more convenient,

because the accused products were developed there, and a number of significant

witnesses reside there. For these reasons, the Court grants defendant's motion to

transfer [docket no. 29]. Former defendant Comcast Corp.'s motion to dismiss is

terminated as moot [docket no. 27], as is plaintiff's motion to consolidate cases [docket

no. 36]. The Clerk is directed to transfer this case to the Eastern District of

12

Pennsylvania.[1]

Date: February 9. 2015

*MATTHEW F. KENNELLY*
United States District Judge

_____

[1] Comcast makes an alternative argument to transfer the case to the Northern District of California, evidently so that it might be litigated in tandem with Qurio's suit against DISH Network, which DISH has moved to transfer to that district. There is no viable basis to transfer the present case to the Northern District of California. No likely trial witness resides there; the likelihood of trial testimony by "prior art" witnesses cited by Comcast is virtually nil. *See, e.g., Finnigan Corp. v. ITC*, 180 F.3d 1354, 1366 (Fed. Cir. 1999). And the Qurio-Comcast dispute is completely unrelated to that district. Transferring this case there so it can be litigated with the DISH case would run afoul of the Federal Circuit's resolution of the "practical problems" argument in *In re Apple*, discussed above.

13